The People *vs.* James Ward. *Grand Larceny.*

NEW-YORK,
June, 1823.

The People
*vs.*
James Ward.

James Ward was charged in an indictment, in the usual form, with stealing three ten dollar notes, one of the Bank of the United States, and two ten dollar notes of the Manhatten Bank, on the 24th day of May, 1823 ; the property of John Peters, No 48, Washington street.

The facts of the case appeared as follows : Mr. Peters, who kept a store at No. 48 Washington street, on the day laid in the indictment, had stepped' out for a moment, leaving the bills upon the counter, and leaving Mr. Warner Spencer and the prisoner (who it appeared lived in the neighborhood, and who was in the habit occasionally of stepping into the store,) in the store.

A criminal intent inferred from circumstances.

Mr. Peters returned in a few minutes, and missed the money. He told Mr. Spencer to give him the money ; Mr. Spencer made some reply, not paying attention to the question, supposing Mr. Peters was jesting. Mr. Peters persisted in demanding his money ; and it was discovered by Mr. Spencer that the demand was made in earnest. He then denied having it, or knowing any thing about it, and offered and submitted to be searched, the prisoner at the time, being in the store. Mr. Spencer observed to Mr. Peters that no person had been there during his absence but the prisoner and himself, and that it lay between the two, and suggested the propriety of their going into a room, up stairs, to be searched. The proposition was agreed to, and they all went up stairs and began to search the clothing of Mr. Spencer. While in the act, it was discovered that the prisoner had something in his hand which he attempted to secure in his trowsers pocket. He was seized by Mr. Peters, and the money wrentched out of his hand by force. It proved to be the

The People
*vs.*
James Ward.

money left on the counter by Mr. Peters, and was acknowledged to be the same by the prisoner.

*Maxwell, District Attorney,* after proving these facts, rested the case.

*Price* and *McEwen,* for the prisoner, after proving the prisoner had heretofore sustained a good character, contended that there was no felonious intent upon the part of the prisoner ; they admitted there was a *cepit et asportavit,* but that it was apparent, from the circumstances of the case, the prisoner had no intention to steal the money. He remained in the store until Mr. Peters returned, and went willingly up stairs to be searched, and that he lived in the neighborhood. These circumstances, although not conclusive, went to favor the opinion that it was not taken feloniously, but in jest, and for the purpose of amusement. That his good character ought to protect him from such an imputation, where the case was doubtful.

*Maxwell, District Attorney,* replied, that the jury were to decide, from all the circumstances, the intent the prisoner took the money ; he took it to be a plain case of felony, satisfactorily made out from the facts proved before the jury. He fully agreed with the counsel for the prisoner that the intent constituted the crime ; and if the prisoner really took it for the purpose of amusement, however indiscreet it might be, he would not be guilty of larceny ; but that this intent was an inference of law, to be made out by a full, fair, and impartial view of all the facts, and was the result of reasonable and natural deductions from them, and that it did not depend upon the character of the prisoner.

By the Court.—The prisoner is charged with a grand

larceny of three ten dollar notes, the property of Mr. Pe- NEW-YORK,
ters; the testimony is, that he took the notes; but whether June, 1823.
he took them with intention to steal them, is the question The People
now for the jury to decide. The intent of the prisoner *vs.*
can only be made out by an impartial view of all the cir- Chas.Hettick.
cumstances, in reference to the particular case now before
the Court. The evidence was, that the prosecutor left his
store for a moment or two, leaving the prisoner and Mr.
Spencer in the store, and the money on the counter; that
when he returned the money was gone, and Mr. Spencer
denied having or knowing any thing about it, the prisoner
all the time remaining in the store; and that the conten-
tion between Peters and Spencer had arisen to some vio-
lence, yet the prisoner said nothing; and when the pro-
position was made by Spencer to go up stairs to be search-
ed, he acceded to it, and even there did not voluntarily
offer to give up the money, but it was found upon him,
and forced from his possession.

The jury found the prisoner guilty of Grand Larceny.